**NOT FOR PUBLICATION**

OCT 27 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUNTHONE VIET KATEKEO, | No. 09-16642 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02776-JAM |
| v. | |
| T. FELKER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

California state prisoner Sounthone Viet Katekeo appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Katekeo contends that the trial court improperly denied his motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substitute counsel, made pursuant to *People v. Marsden*, 465 P.2d 44 (1970). The state court decision affirming the trial court's denial of Katekeo's *Marsden* motion was not contrary to, and did not involve an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Schell v. Wittek*, 218 F.3d 1017, 1026-28 (9th Cir. 2000) (en banc).

Katekeo also contends that the trial court violated his right to due process by denying his motion for a continuance. The record reflects that the trial court's denial of the continuance was not "so arbitrary as to violate due process." *See Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

Finally, Katekeo contends that the trial court's erroneous admission of evidence of his gang affiliation violated his right to due process. The state court's determination that the error was harmless was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Brecht v. Abrahamson*, 507 U.S. 619, 636-638 (1993) (on collateral review, the question is whether the error had a "substantial and injurious effect or influence in determining the jury's verdict"), *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (in § 2254 proceedings, the prejudicial impact of constitutional error in a state-court trial must be assessed under the *Brecht* standard).

We construe Katekeo's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED**.